UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

VICTOR D. SMITH,
    Debtor.
_____/

Case No. 10-22349-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

## OPINION REGARDING APPLICATION FOR COMPENSATION OF ROBERT P. DENTON

### Introduction

Debtor's counsel, Robert P. Denton, requests fees in the amount of $6,400.00 for services rendered from November 14, 2014, to November 2, 2015. During this time period, the Debtor sought approval of financing for the purchase of a house in New Mexico and defended a Motion to Dismiss filed by a creditor, FinancialEdge Community Credit Union. The Debtor also filed a proposed Post-Confirmation Chapter 13 Plan Modification that drew the objection of FinancialEdge Community Credit Union as well. All of this resulted in an agreed to modification to the Chapter 13 Plan and the withdrawal of the Motion to Dismiss by FinancialEdge Community Credit Union. Afterward, Debtor's counsel filed the instant Fee Application and FinancialEdge Community Credit Union objected to that Fee Application. The Court heard arguments in open Court on December 3, 2015, and took this matter under advisement.

### Findings of Fact

The Debtor filed a Chapter 13 Petition with this Court on June 14, 2010, and his Chapter 13 Plan was confirmed on August 20, 2010, after certain objections by FinancialEdge Community Credit Union and United Bay Community Credit Union were resolved. After the Debtor's Chapter 13 Plan was confirmed, the Debtor apparently defaulted in payments on the note secured by a

1

mortgage on his residence. Subsequently, the Debtor moved out of his residence and resurfaced, at least from the perspective of the Court's docket, in New Mexico in March of 2015. The Debtor sought approval to borrow funds to purchase a house in New Mexico and the Court granted that request on March 9, 2015. On March 20, 2015, FinancialEdge Community Credit Union filed a Motion to Dismiss the Debtor's case and a Motion to Set Aside Order Granting Debtor's Ex-Parte Motion to Borrow Funds to Purchase Home. Thereafter, a series of hearings were held regarding these issues where it was disclosed for the first time that the Debtor's Michigan house was foreclosed and he had subsequently moved to New Mexico. During all of this time, however, the Debtor was making regular payments to the Chapter 13 Trustee, but apparently was not making payments on the note secured by the mortgage. Debtor's counsel was not aware of the Debtor's movements or actions until March of 2015, a fact restated and reaffirmed by Debtor's counsel at the December 3, 2015, hearing.

Sensing that the Court may grant the relief requested by FinancialEdge Community Credit Union, Debtor's counsel attempted to resolve the matter by filing a Post-Confirmation Chapter 13 Plan Modification on August 15, 2015. In that Plan Modification, the Debtor proposed to pay one additional payment of $5,000.00 into the Plan. The Chapter 13 Model Worksheet attached to the Plan Modification disclosed that the estimated attorney fees and costs post-confirmation through the duration of the Plan totaled $1,000.00. FinancialEdge Community Credit Union objected to this Plan Modification. On September 17, 2015, the Court held a hearing regarding confirmation of the Debtor's Post-Confirmation Chapter 13 Plan Modification, as well as the Motions filed by FinancialEdge Community Credit Union. At that hearing, Debtor's counsel indicated that he believed the attorney fees to date were an estimated $1,000.00, but those fees would increase dramatically if the matter was further litigated.

Ultimately, the parties resolved their differences. The Motions filed by FinancialEdge

Community Credit Union were dismissed, and the Debtor increased the payment to the Chapter 13 Trustee from $5,000.00 to $7,500.00.

Subsequently, Debtor's counsel filed the instant Application for Compensation, and FinancialEdge Community Credit Union objected to that Application. FinancialEdge Community Credit Union's objection is that Debtor's counsel should have mitigated his attorney fees by negotiating earlier and that the request for $6,400.00 is over six times the amount identified by Debtor's counsel as the likely attorney fees, which ultimately results in less money paid to unsecured creditors, including FinancialEdge Community Credit Union.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

<u>Applicable Law</u>

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;

3

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

(i) unnecessary duplication of services; or
(ii) services that were not–
   (I) reasonably likely to benefit the debtor's estate; or
   (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Analysis

FinancialEdge Community Credit Union does not object to the hourly rate of Debtor's counsel, and the Court finds that the $250.00 per hour requested by Debtor's counsel is a reasonable hourly rate for an attorney of Debtor's counsel's experience and skill. Moreover, FinancialEdge Community Credit Union does not object to specific time entries of Debtor's counsel, but instead takes a broader view of Debtor's counsel's Fee Application. In particular, FinancialEdge Community Credit Union argues that Debtor's counsel's fees should be limited to $1,000.00, because that amount was estimated in the Chapter 13 Model Worksheet and was restated by

4

Debtor's counsel on September 17, 2015.

In considering this matter, the Court has closely reviewed the Fee Application and the time entries of Debtor's counsel. In doing so, the Court divides these entries into three categories: (1) entries prior to the August 15, 2015, Post-Confirmation Chapter 13 Plan Modification; (2) entries between the August 16, 2015, and the September 17, 2015, hearings; and (3) services rendered after September 17, 2015. The Court's review of the Debtor's counsel's time entries reveals that Debtor's counsel first started rendering services to the Debtor on March 6, 2015, all in connection with the Debtor's 2013 and 2014 taxes and the Motion to Borrow Funds so the Debtor could purchase the New Mexico home. Thereafter, Debtor's counsel spent considerable time responding to and reacting to matters raised by FinancialEdge Community Credit Union. Including the preparation of the August 15, 2015, Plan Modification, Debtor's counsel provided 19.5 hours of services to the Debtor. From August 16, 2015, through September 17, 2015, Debtor's counsel provided 1.7 hours of services, including attending the September 17, 2015, hearing. Thereafter, Debtor's counsel provided another 4.3 hours of services, culminating in the resolution of the disputes between the Debtor and FinancialEdge Community Credit Union.

Utilizing a $250.00 per hour rate, Debtor's counsel either knew or should have known that the 19.5 hours for the pre-August 15, 2015, services would result in more than $1,000.00 in attorney fees. When the August 15, 2015, Plan Modification was prepared and filed, Debtor's counsel undoubtedly knew that he had spent considerable time preparing not only the Motion to Borrow Funds, which initiated this flurry of activity, but also responding to various matters raised by FinancialEdge Community Credit Union. Debtor's counsel's estimate of $1,000.00 was and is wildly inaccurate. On the other hand, Debtor's counsel had no idea whether FinancialEdge Community Credit Union would accept the Plan Modification and not dispute the matter further.

5

If so, then the 1.7 hours and the 4.3 hours expended by Debtor's counsel after August 15, 2015, would not have occurred at all. While FinancialEdge Community Credit Union argues strenuously that Debtor's counsel should be held to recovering at best $1,000.00, this view and argument ignores the incumbent need of a debtor to be represented by counsel, debtor's counsel's need to be compensated for services, and the reality that litigation is costly. It strikes this Court as unjust to allow Debtor's counsel to estimate fees of $1,000.00 when the fees were closer to $5,000.00 at the time the estimate was made and to sustain an objection to subsequent fees when at least one creditor, that is FinancialEdge Community Credit Union, held the keys to resolving the matter without further argument or costs. As such, the Court will allow fees in the amount of $1,000.00 for all services performed by Debtor's counsel up to and including the date of the estimate of that amount, August 15, 2015, which encompasses the first period. However, the Court will allow recovery by Debtor's counsel of all remaining fees after August 15, 2015, in the amount of $1,500.00, which encompasses the second and third time periods, because these fees were and are reasonable compensation for actual and necessary services rendered and did benefit the Debtor's estate by resulting in an agreed confirmation of a Plan Modification and dismissal of various Motions against the Debtor.

The Court has considered FinancialEdge Community Credit Union's arguments that it relied upon the $1,000.00 number stated by the Debtor in the Chapter 13 Model Worksheet and Debtor's counsel at the September 17, 2015, hearing. As this argument goes, creditors were relying upon an estimate of $1,000.00 in analyzing whether the Plan Modification was acceptable. This may be true, but creditors also are aware that debtor's attorney fees are incurred and need to be paid when debtors receive services beneficial to all. The Court has closely reviewed the pleadings filed in this matter, and there is nothing in the record to conclude that the Debtor or FinancialEdge Community Credit Union expected unsecured creditors to receive a certain amount of money. Lines 6a-d, 8, and 9 of

6

the Chapter 13 Model Worksheet all contain the word "estimated" and the Order Confirming Plan Modification does not state the unsecured creditors will be paid a set amount. At best, the Debtor agreed to pay an additional $7,500.00 to the Trustee and unsecured creditors would receive the pro rata share of any amount paid after Trustee fees and Debtor's attorney fees.

The Court concludes that attorney fees of $2,500.00 should be awarded to Debtor's counsel. In making this award, the Court holds Debtor's counsel to the estimate of $1,000.00 as stated in the Chapter 13 Model Worksheet, thus holding Debtor's counsel to that estimate per the reasonable expectation of the secured creditors, but also awards an additional $1,500.00 to Debtor's counsel for services necessary to administer this case and benefitting the Debtor's estate.

Debtor's counsel is requested to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Not for Publication**

**Signed on December 17, 2015**

                                         **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**

7

10-22349-dob    Doc 90    Filed 12/17/15    Entered 12/17/15 16:39:39    Page 7 of 7